IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | OPINION AND ORDER |
| | 13-cv-440-bbc |
| v. | 09-cr-62-bbc |
| FRANCISCO URESTI, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Francisco Uresti has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, contending primarily that he was denied the effective assistance of both trial and appellate counsel, although he adds that his rights were denied in other ways as well. In addition, he asks for a stay of consideration of his motion because he is pursuing a petition for a writ of habeas corpus in the Illinois state courts that, if granted, might reduce his sentence in this court. (The Illinois conviction was one of two supporting his career offender status under U.S.S.G. § 4B1.1.)

None of defendant's claims stand up to examination. Therefore, his motion for post conviction relief will be denied, as will his request for a stay.

From the record, I make the following findings of fact.

1

RECORD FACTS

Defendant Francisco Uresti was charged by indictment with two counts of conspiring to distribute cocaine from October 2008 to April 2009. His privately retained counsel, Daniel Cain, obtained a copy of the indictment, but defendant fled the district before he could be arraigned. About 18 months later, he was arrested in Winnebago County, Illinois, and charged there with drug and firearm offenses. Represented by privately retained counsel, he appeared before the magistrate judge in this court on September 16, 2010 and entered pleas of not guilty to the two counts of the indictment. On December 17, 2010, the government filed an information under 21 U.S.C. § 851, giving defendant notice of an increase in the statutory maximum penalties. On February 8, 2011, defendant entered a plea of guilty to count one of the indictment. He was sentenced on May 27, 2013 to a term of 20 years, which was considerably below the guideline sentencing range of 360 months to life.

At sentencing, defendant's counsel objected to the application of sentencing enhancements for obstruction of justice, defendant's role in the offense, maintaining a drug house, obstruction of justice and being a career offender. In addition, he argued that defendant should receive a reduction in his offense level for his acceptance of responsibility. Counsel's arguments were denied, with one exception. Defendant was given a two-level enhancement for his role in the offense instead of the four-level enhancement the probation office had recommended.

On appeal, court-appointed appellate counsel filed an Anders brief. The court of

appeals gave defendant an opportunity to object to counsel's request to withdraw and he took advantage of the opportunity to argue that his appeal had merit. The court disagreed, found that an appeal would be frivolous, allowed appellate counsel to withdraw and dismissed the appeal.

OPINION

At the outset, I will deny defendant's request for a stay of his motion while he tries to overturn his state court conviction for discharge of a firearm. The fact that his conviction for discharge of a firearm made him a career offender under the sentencing guidelines did not affect his sentence, because his offense level would have been just as high had that conviction never been considered. Even if he had had no criminal history at all, his guideline imprisonment range would have been 235-293 months; with even one prior felony, his range would have been 292-365 months.

As to defendant's arguments about the ineffectiveness of his trial and appellate counsel, he is correct in arguing that he is entitled to raise his complaints about the adequacy of his legal representation in this § 2255 proceeding. Such claims do not belong in a direct appeal because their resolution depends on facts outside the record. Massaro v. United States, 538 U.S. 500, 504 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"; trial record is rarely developed for object of litigating claim of ineffectiveness and is often incomplete or inadequate for this purpose.).

Whether any of defendant's claims have any merit is another question. Proving ineffectiveness of counsel is not an easy task. The claim has two components and defendant must prove both of them.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). Defendant's first assertion of ineffectiveness by his trial counsel is that counsel failed to argue that defendant acted under duress (presumably throughout the offense). Defendant has not explained what evidence would have supported such a defense, although it is his obligation to do so. A defendant who wants a hearing on his § 2255 motion must submit "a detailed and specific affidavit which shows that [he] had actual proof of the allegations going beyond mere supported assertions." Prewitt v. United States, 83 U.S. F.3d 812, 819 (7th Cir. 1996). Defendant has provided only an unsupported assertion that he acted under duress, which means that it is unnecessary to consider this allegation further.

Second, defendant contends that his counsel failed to argue that defendant's criminal history category significantly overstated the seriousness of his criminal history or the likelihood that he would commit other crimes. In fact, counsel did raise such an argument, Sent. tr., dkt. #131 (case no. 09-cr-62-bbc), at 17, but I did not accept it. As noted at sentencing, defendant's previous term of imprisonment had not dissuaded him from

4

engaging in the criminal conduct that resulted in his indictment and the indictment had not dissuaded him from engaging in additional criminal conduct after his return to this district, while he was still on absconder status. He was hardly a candidate for a downward departure on the ground that his criminal history was overstated. In any event, he received a large downward departure on another ground: his impaired physical condition resulting from a serious snowmobiling accident.

As his third ground, defendant attacks his appellate counsel for her failure to raise the same argument that his criminal history was overstated. This challenge goes nowhere. Like any able lawyer would have, appellate counsel recognized that there was no merit to the third ground.

Defendant's fourth claim is that both his trial counsel and his appellate counsel failed to argue that defendant did not impede or obstruct justice and therefore should not have received an enhancement of his sentence on this ground. As a general matter, deviations from the sentencing guidelines are not properly raised in a post conviction motion. In any event, this challenge is baseless; defendant fled the country after learning that he was under investigation and after he had learned about the return of the indictment against him. This was calculated evasion and merited an enhancement to his offense level.

In his memorandum attached to his motion, defendant's asserts additional challenges to his sentence. He contends that under the Supreme Court's recent decision in <u>Alleyne v. United States</u>, 113 S. Ct. 420 (2013), his guideline range was illegally enhanced. <u>Alleyne</u> has nothing to do with guideline enhancements. In <u>Alleyne</u>, the Supreme Court held for

5

the first time that only the jury could determine the drug amounts that subject a defendant to a mandatory minimum sentence. This holding is of no help to defendant because he was not subject to a mandatory minimum sentence.

Defendant also argues that he did not qualify for career offender status because his prior state court conviction for discharge of a firearm was not a controlled substance offense. (For the purpose of deciding this issue I will assume that defendant did not have a chance to raise it on direct appeal; if he did, the claim is barred unless defendant can show cause and prejudice for the failure to appeal or a miscarriage of justice if it is not considered. Prewitt, 83 F.3d at 816 ("An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.") (citing Reed v. Farley, 512 U.S. 339, 354 (1994)); see also Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002).

I have already explained why defendant's career offender status did not affect his sentence: his guideline range would have exceeded his actual sentence even if the prior sentence had not been considered. In this case, however, the career offender status was proper because it was based on a conviction for a crime of violence, as shown by the charging papers. U.S.S.G. § 4B1.1 (defendant is career offender if he is at least 18 at the time of the offense of conviction; the offense of conviction is a felony crime of violence or felony controlled substance offense and defendant has at least two prior felony convictions of either a crime of violence or controlled substance offense).

Finally, defendant contends that the guilty plea procedure was flawed because the court did not comply with Fed. R. Crim. P. 11, governing the taking of guilty pleas. Defendant never raised this issue on appeal and he has not suggested that he had good cause for not doing so or that he will suffer prejudice if he is not allowed to raise it now.  He does not say that failing to consider the issue will cause a miscarriage of justice.

Even if the claim were not barred by defendant's failure to raise it on direct appeal, a review of the guilty plea transcript shows that defendant has no ground for this claim.  To the extent he argues that he did not know the enhancements that would be applied to him, no law entitles him to know these in advance.  Indeed, it is not until the probation office has the opportunity to review defendant's criminal history and the prosecution file that it can make a recommendation to the court about the applicable enhancements.

In summary, defendant's motion for post conviction relief must be denied because he has failed to show any ground on which it could be granted.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Defendant

has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed <u>in forma pauperis</u>.

ORDER

IT IS ORDERED that defendant Francisco Uresti's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED. No certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 1st day of October, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge